DAVID BERLIN (DB 4333)
888 Seventh Avenue – Suite 4500
New York, New York 10106
(212) 247-4650
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**FREDERICK ANNAN,**

                                                   **ANSWER**
               **Plaintiff,**

               -against-                                        **07 Civ. 8591**

**JOSHUA CLOTTEY,**

               **Defendant.**

-----------------------------------------------------------X

      Defendant Joshua Clottey, by his attorney David Berlin, as and for his Answer to the Complaint, alleges as follows:

1.     Paragraph 1 of the Complaint purports to describe the Complaint in this action and, therefore, no response is required. However, to the extent a response is required, the Agreement between plaintiff and defendant, attached as Exhibit A to plaintiff's Complaint, states at paragraph 12 that "this Agreement shall be governed all respects by in Ghana and American law."

2.     Paragraph 2 of the Complaint purports to assert conclusions of law to which no response is required.

3.     Paragraph 3 of the Complaint purports to assert conclusions of law to which no response is required.

4.     Paragraph 4 of the Complaint purports to assert conclusions of law to which no response is required.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits to the allegations in Paragraph 6 of the Complaint.

7. Defendant admits to the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits to the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that he entered into an Agreement with plaintiff in December 2004 ("Agreement" attached as Exhibit A to plaintiff's Complaint), but denies the remainder of the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 to the extent that they are inconsistent with the Agreement, which speaks for itself.

14. Defendant denies the allegations of Paragraph 14 to the extent that they are inconsistent with the Agreement, which speaks for itself.

15. Defendant denies the allegations of Paragraph 15 to the extent that they are inconsistent with the Agreement, which speaks for itself.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that he entered into a management agreement with Jose Nunez, but denies the remainder of the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that he was present at a meeting of the Arbitration Committee on or about December 30, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 to the extent that they are inconsistent with the document attached as Exhibit D to plaintiff's Complaint. Such document speaks for itself.

22. Defendant denies the allegations of Paragraph 22 to the extent that they are inconsistent with the document attached as Exhibit D to plaintiff's Complaint. Such document speaks for itself.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits that he entered into a management agreement with Vincent Scolpino, but denies the remainder of the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

## RESPONSE TO COUNT I

26. In response to Paragraph 26 of the Complaint, defendant incorporates by reference his responses to Paragraphs 1 to 25 as set forth above.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## RESPONSE TO COUNT II

34. In response to Paragraph 34 of the Complaint, defendant incorporates by reference his responses to Paragraphs 1 to 33 as set forth above.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. The lawsuit was not commenced by plaintiff within the time prescribed by law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Plaintiff failed to mitigate the damages and injuries he allegedly sustained.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's own conduct and actions caused or contributed to the damages and injuries he allegedly sustained.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff fraudulently induced defendant to enter into the Agreement by making promises to defendant that plaintiff did not intend to fulfill.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff failed to provide consideration to defendant in accordance with the terms of the Agreement.

## **COUNTERCLAIM – BREACH OF CONTRACT**

46. Defendant entered into an Agreement with plaintiff in December 2004 (attached as Exhibit A to plaintiff's Complaint).

47. According to the terms of the Agreement, plaintiff agreed to fulfill certain obligations in order to further the professional boxing career of defendant.

48. According to the terms of the Agreement, "[t]he contract is signed on the basis that the Manager shall perform his outmost duties within 90 days, contrary to that this agreement becomes null and void."

49. Plaintiff failed to fulfill his obligations as manager pursuant to the Agreement.

50. According to the terms of the Agreement (paragraph 6.b.i), plaintiff was obligated to pay to defendant as living expenses one thousand dollars ($1,000.00) per month on the 25th day of each month.

51. Plaintiff failed to pay to defendant one thousand dollars ($1,000.00) per month as specified in the Agreement.

52. Plaintiff failed to pay to defendant one thousand dollars ($1,000.00) on January 25, 2005.

53. Plaintiff failed to pay to defendant one thousand dollars ($1,000.00) on February 25, 2005.

54. According to the terms of the Agreement (paragraph 6.b.vi), plaintiff was obligated to provide for defendant an apartment during his stay in the United States of America within three months of defendant's arrival in the United States.

55. Plaintiff failed to provide an apartment for defendant at any time after defendant's arrival in the United States.

56. Plaintiff failed to arrange and supervise a proper training program for defendant, as provided for in the Agreement (paragraph 1.ii).

57. Plaintiff failed to arrange and secure proper boxing contests and exhibitions and other professional engagements for defendant, as provided for in the Agreement (paragraph 1.iii).

58. Plaintiff failed to advance defendant's professional boxing career in such a way that defendant would receive proper profit and reward from his career, as provided for in the Agreement (paragraph 1.iii.e).

59. Because of plaintiff's failure to fulfill his obligations according to the terms of the Agreement, defendant was forced to seek different management.

60. Defendant sought different management after ninety days had elapsed and the Agreement was null and void according to its own terms.

61. Plaintiff breached the Agreement by failing to perform his obligations under the Agreement.

62. Defendant fulfilled his obligations under the Agreement until the time when such Agreement became null and void.

63. As a result of plaintiff's breach of the Agreement, defendant sustained financial damages and injury to his career as a professional boxer.

64. As a result of plaintiff's breach of the Agreement and plaintiff's frivolous legal actions attempting to enforce an Agreement which is null and void, defendant has incurred, and will continue to incur, legal fees and costs.

## JURY DEMAND

65. Defendant demands a trial by jury.

WHEREFORE, defendant demands judgment against plaintiff as follows:

1. Dismissing the Complaint against him in its entirety;

2. Granting defendant damages in such amount as may be determined at trial for plaintiff's breach of the Agreement;

3. Granting defendant legal fees, and the costs and disbursements of this action; and

4. Granting defendant such other and further relief as the Court deems equitable, just and proper.

Dated: November 14, 2007

*/s/ David Berlin*
DAVID BERLIN (DB 4333)
888 Seventh Avenue
Suite 4500
New York, New York 10106
(212) 247-4650

Attorney for Defendant

DAVID BERLIN (DB 4333)
888 Seventh Avenue – Suite 4500
New York, New York 10106
(212) 247-4650
Attorney for Defendant

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**FREDERICK ANNAN,**

       **Plaintiff,**

   -against-

**JOSHUA CLOTTEY,**

       **Defendant.**

-----------------------------------------------------------X

**CERTIFICATE OF SERVICE**

07 Civ. 8591


  I, DAVID BERLIN, an attorney admitted to practice law in the courts of the State of New York and in the Southern District of New York, certify under penalties of perjury that on November 14, 2007, a copy of the Answer was mailed by first class mail, postage prepaid, to Gibson & Behman, P.C., 80 Broad Street, 13th Floor, New York, New York 10004, the attorneys for plaintiff.


Dated: November 14, 2007

              _____
              DAVID BERLIN (DB 4333)
              888 Seventh Avenue
              Suite 4500
              New York, New York 10106
              (212) 247-4650

              Attorney for Defendant