UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FREDERICK ANNAN,

                     Plaintiff

- against -                     **ANSWER TO DEFENDANT'S COUNTERCLAIMS**

JOSHUA CLOTTEY                 **07 CIV 8591**

                     Defendants
_____

    Plaintiff, FREDERICK ANNAN, by his attorneys, GIBSON & BEHMAN, P.C., provides answers to Defendant's counterclaims as follows:

    1.    Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "46" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

    2.    Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "47" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

    3.    Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "48" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

    4.    Plaintiff denies the allegations contained in paragraph "49" of Defendant's counterclaim.

    5.    Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "50" of Defendant's counterclaim, to

the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

6. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "51" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

7. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "52" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

8. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "53" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

9. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "54" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

10. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "55" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

11. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "56" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

12. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "57" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

13. Plaintiff admits that an agreement was entered into in December 2004, but, denies the allegations contained in paragraphs "58" of Defendant's counterclaim, to the extent that they are inconsistent with the agreement and the parties respective obligations therein, under the agreement, which speaks for itself.

14. Plaintiff denies the allegations contained in paragraph "59" of Defendant's counterclaim.

15. Plaintiff denies the allegations contained in paragraph "60" of Defendant's counterclaim.

16. Plaintiff denies the allegations contained in paragraph "61" of Defendant's counterclaim.

17. Plaintiff denies the allegations contained in paragraph "62" of Defendant's counterclaim.

18. Plaintiff denies the allegations contained in paragraph "63" of Defendant's counterclaim.

19. Plaintiff denies the allegations contained in paragraph "64" of Defendant's counterclaim.

Dated: March 27, 2008

    New York, New York

                                          Respectfully submitted,
                                          GIBSON & BEHMAN, P.C.

                                          Bella I. Pevzner, Esq. (BP 1728)
                                          Attorneys for Plaintiff

FREDERICK ANNAN
80 Broad Street, 13th Floor
New York, New York 10004
(212) 609-2634

TO:   DAVID BERLIN
      Attorney for Defendant
      888 Seventh Avenue, Ste 4500
      New York, New York 10106
      (212) 247-4650

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

**RIMMA M. SHULMAN** being duly sworn, deposes and says; that she is of 18 years and upwards; that she is a Paralegal in **GIBSON & BEHMAN, P.C., attorneys for plaintiff, FREDERICK ANNAN,** in the above entitled action; that the office address of said attorneys is 80 Broad Street, 13th Floor, New York, NY that on **March 27, 2008** deponent served upon:

**David Berlin
888 Seventh Avenue, Suite 4500
New York, New York 10106**

herein a copy of a **ANSWER TO DEFENDANT'S COUNTERCLAIMS** which is annexed as a true copy, by depositing same properly enclosed in a postpaid wrapper in the U.S. Post Office Box at 80 Broad Street, 13th Floor, New York, NY 10004 on said date, directed to said attorneys(s) at the above address(es) designated by said attorneys in the last paper served herein.

_____
Rimma M. Shulman

Sworn to before me this date,
March 27, 2008

NOTARY PUBLIC
Bella Promyslovskaya
Notary Public, State of New York
No. 02PR6124546
Qualified in Kings County
Commission Expires March 28, 2009

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

Index No. **07 CIV 8591**   Year 20

**UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK**

FREDERICK ANNAN,

                           Plaintiff

- against -

JOSHUA CLOTTEY

                           Defendants

**ANSWER TO DEFANDANT'S COUNTERCLAIMS**

GIBSON & BEHMAN, P.C.
COUNSELLORS AT LAW

Attorney(s) for   **FREDERICK ANNANG**

80 BROAD STREET, 13TH FLOOR
NEW YORK, NEW YORK 10004
TEL (212) 609-2634
FAX (212) 609-2943
www.gibsonbehman.com

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: .................................   Signature ....................................................................................

Print Signer's Name...............................................................

Service of a copy of the within                                       is hereby admitted.

Dated:

Attorney(s) for

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on          20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                , one of the judges of the within-named Court,
at
on                    20     , at          M.

Dated:

GIBSON & BEHMAN, P.C.
COUNSELLORS AT LAW